# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

BOBBY R. JAGERS                          CIVIL ACTION NO. 5:14-cv-1016
     LA. DOC #178028
VS.                                      SECTION P

                                  JUDGE ELIZABETH E. FOOTE

WARDEN JERRY GOODWIN             MAGISTRATE JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

*Pro se* petitioner Bobby R. Jagers, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 19, 2014. Petitioner attacks his convictions for aggravated robbery and aggravated kidnapping and the hard labor sentences imposed by the Twenty-Sixth Judicial District Court, Bossier Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed second and successive and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for further proceedings.

### *Background*

On June 24, 2000, petitioner was convicted of two counts each of armed robbery and aggravated kidnapping following trial in the Twenty-Sixth Judicial District Court, Bossier Parish in the matter assigned Docket No. 89,358 of that Court.  On July 17, 2000, he was sentenced to serve life without benefit of parole. [Doc. 1, ¶1-3] He appealed his conviction to the Second Circuit Court of Appeals arguing insufficiency of the evidence. On May 9, 2001, his convictions

were affirmed. *State of Louisiana v. Bobby Ray Jagers*, 34,684 (La. App. 2 Cir. 5/9/2001), 786 So.2d 284.  On May 10, 2002, his application for writs was denied by the Louisiana Supreme Court. *State of Louisiana v. Bobby Ray Jagers*, 2001-1806 (La. 5/10/2002), 815 So.2d 831.

On February 26, 2003, he filed a *pro se* application for post-conviction relief in the Twenty-Sixth Judicial District Court raising the following claims for relief – (1) the petitioner appeared for trial in shackles and was thus denied his right to a fair trial; (2) the prosecutor elicited promises from the jury; (3) double jeopardy; (4) improper use of "other crimes" evidence; (5) ineffective assistance of trial counsel based upon his failure to (a) call a witness identified by the petitioner, (b) object to the introduction of "other crimes" evidence and to object to the prosecutor's *voir dire*,  (c) investigate, and (d) file a motion to quash the indictment on grounds of double jeopardy. He claimed ineffective assistance of appellate counsel based upon counsel's failure to raise any of petitioner's post-conviction issues on appeal.  His application was denied on the merits in the trial court and writs were ultimately denied by the Court of Appeals and the Louisiana Supreme Court. *See State of Louisiana ex rel. Bobby Ray Jagers v. State of Louisiana*, 2004-2068 (La. 5/13/2005), 902 So.2d 1014.

On June 2, 2005, petitioner filed his first petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254.  He argued insufficiency of the evidence along with the claims raised in his application for post-conviction relief, including his claims of ineffective assistance of counsel. On May 13, 2008, United States Magistrate Judge Mark L. Hornsby addressed the merits of each claim and recommended dismissal with prejudice.  On June 3, 2008, United States District Judge Donald E. Walter adopted the Report and Recommendation and entered a judgment dismissing petitioner's *habeas* petition with prejudice. On June 25, 2008, Judge Walter denied petitioner's

request for a Certificate of Appealability (COA) and on February 27, 2009, the United States

Fifth Circuit Court of Appeals denied COA. *Bobby Ray Jagers v. Burl Cain, Warden*, Civil

Action No. 5:05-cv-0952 at Doc. 1 (Petition), 11 (Report and Recommendation), 13 (Judgment),

17 (Denial of COA), 21 (Mandate of the Fifth Circuit denying COA under Docket Number 08-

30619).

      On March 5, 2013, petitioner filed a second round of post-conviction litigation in the

Twenty-Sixth Judicial District Court raising the same claims raised in his first round of post-

conviction litigation, including his claim of ineffective assistance of counsel. [Doc. 1-4, pp. 1-54]

On May 23, 2013, his second application was denied as repetitive by the District Court. [Doc. 1-

4, p. 55] On August 8, 2013, the Second Circuit Court of Appeals denied writs finding the

application both repetitive and time-barred.  *State of Louisiana v. Bobby Ray Jagers*, No. 48,669-

KH. [Doc. 1-4, p. 66] On April 17, 2014, the Louisiana Supreme Court denied writs finding the

application time-barred. *State of Louisiana ex rel. Bobby Ray Jagers v. State of Louisiana*, 2013-

2168. — So.3d —, 2014 WL 1623174. [Doc. 1-4, p. 78]

      He filed this petition on May 19, 2014. He again attacks his armed robbery and

aggravated kidnapping convictions and presents the same claims raised in his earlier petition.

### *Law and Analysis*

      Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is

filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application."   This is the second petition for *habeas*

*corpus* filed by this petitioner. It attacks the same convictions and sentences which were the

subject of his prior petition.  "[A] prisoner's application is not second or successive simply

because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998). Generally, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.; see also Crone v. Cockrell,* 324 F.3d 833.  Petitioner's habeas corpus claims were raised in his first petition, and his first petition was dismissed with prejudice on the merits. Therefore, this petition is successive.

Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  Transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's  successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

4

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, June 24th, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

5